**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**
No. 97-11244
(Summary Calendar)

WILBERT NORWOOD STARKS,

Petitioner-Appellant,

versus

GARY L JOHNSON, DIRECTOR,
TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION,

Respondent-Appellee.

_____

Appeal from the United States District Court
For the Northern District of Texas
(3:97-CV-1975-H)

_____

July 16, 1998

Before WIENER, BARKSDALE, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

We granted Wilbert Norwood Starks, Texas state prisoner #388071, a certificate of appealability to appeal the district court's dismissal of his habeas corpus petition as barred by the one-year statute of limitations provided in the Antiterrorism and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d)(1). *See Starks v. Johnson*, No. 97-11244, slip op. at 1 (Jan. 9, 1998 5th Cir.)

Starks argues that the district court erred in dismissing his petition as time-barred because the pendency of his third state habeas application tolled the one-year limitations period. Without tolling, Starks had one year from April 24, 1996, the effective date of AEDPA, to file a timely federal habeas petition. *See United States v. Flores*, 135 F.3d 1000, 1005-6 (5th Cir. 1998). The pendency of Starks' third state habeas application may have tolled the limitations period under § 2244(d)(1). *See* 28 U.S.C. § 2244(d)(2). Even assuming that § 2244(d)(2) tolled the limitations period, however, the record is not sufficiently factually developed to enable us to determine whether Starks' petition was timely filed because it is not evident on the record when Starks forwarded his § 2254 petition to prison officials for mailing. *See Houston v. Lack*, 487 U.S. 266, 270 (1988); *Cooper v. Brookshire*, 70 F.3d 377, 378 (5th Cir. 1995).

The district court did not have the benefit of our decision in *Flores*. It did not address whether the pendency of Starks' third state habeas application tolled the one-year statute of limitations of § 2244(d)(1), and did not address whether Starks' federal petition, which the district court received on August 12, 1997, was delivered to prison officials for mailing prior to that time.

Accordingly, the district court's judgment dismissing Starks' § 2254 application as time-barred is VACATED, and the case is REMANDED for a determination of these issues and for further proceedings if the court determines, on remand, that Starks' § 2254 petition was timely.

VACATED AND REMANDED.